**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IMPRESS COMMUNICATIONS, INC., | No. 20-56203 |
| Plaintiff-Appellant, | D.C. No. 19-cv-9396-MWF |
| v. | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted November 18, 2021
Pasadena, California

Before: BERZON, RAWLINSON, Circuit Judges, and KENNELLY, ** District Judge.

Travelers Property Casualty Co. issued an insurance policy to Impress Communications, Inc. that covered printing errors. Impress received two purchase orders totaling over $1 million from Jeunesse Global to print more than 500,000 gold

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

boxes, silver boxes, and inserts, which Jeunesse intended to use to package and market a shampoo line at a trade show. Jeunesse rejected most of what Impress shipped because of printing defects. Impress reprinted the items and expedited their delivery.

Impress then filed claims with Travelers to cover its expenses for reprinting the items. Impress relied on a provision that insured it for "product recall" created by a "wrongful act" when providing "printing services or products." The coverage was subject to an "Each Wrongful Act Limit" of $100,000 and included the following definition for "wrongful act":

> Means any negligent act, error or omission committed by or on behalf of the insured. A series of negligent acts, errors or omissions that have as a common connection, tie, or link any fact, circumstance, situation, event, transaction, cause, or series of related facts, circumstances, situations, events, transactions, or causes will be considered a single "wrongful act," and will be deemed to have been committed at the time the first such negligent act, error or omission is committed.

Impress made three separate claims, contending that there were three distinct printing errors, one for each product, meaning it was entitled to three separate recoveries. This would have resulted in reimbursement of nearly $200,000, less the policy's deductible for each error. Travelers concluded, however, that the printing errors qualified as a single wrongful act under the policy and accordingly reimbursed Impress $100,000—the amount for a single claim.

Impress sued Travelers, alleging that Travelers had breached the terms of their contract and acted in bad faith. The district court granted Travelers' motion for summary judgment, holding that Impress's insurance claim for three separate printing errors was limited by the policy's wrongful act provision. We affirm.

**DISCUSSION**

We review the district court's grant of summary judgment de novo and can affirm on any ground the record supports. *Maner v. Dignity Health*, 9 F.4th 1114, 1119 (9th Cir. 2021). We view evidence in the light most favorable to the nonmoving party. *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 965 (9th Cir. 2021).

The crux of the parties' dispute is whether Impress's three printing errors constituted one or more than one wrongful act. Impress argues that the three errors themselves—problems with color variation, coating and overprint production defects, and foiling production defects—established that they were separate wrongful acts. Impress also points to the fact that the products were printed on different machines, by different people, using different processes.

The policy language, however, is sufficiently broad to encompass the logical connections between the errors. All three errors "have as a common connection" "related . . . transactions." The items Impress was printing were ordered during a short period; were intended for a single product line; largely involved different parts

3

of packaging of single items (boxes and inserts); and shared an expedited shipping timeline because they were to be used at a single trade show. Notably, the purchase order for 330,000 silver boxes and inserts treated the two items as one product. The district court's analysis, though not binding given the de novo review standard, is apt: "The putative lack of a causal connection does not erase the clear logical connection these errors share: they were each made while manufacturing Packaging for one customer's line of Shampoo products." ER 11; *see also Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 873 (1993) (holding that a policy provision limiting reimbursement of related claims "encompasse[d] both logical and causal connections").

It may be true, as Impress suggests, that the policy language in this case might be overly inclusive in other situations. But the facts of this case do not approach those margins. This Court need only decide whether the wrongful act provision applies "in the context of *this* policy and the circumstances of *this* case." *Id.* at 868. Travelers correctly interpreted the policy as applied to the very closely connected circumstances presented.

Because Travelers satisfied its coverage obligation, Impress is not entitled to punitive damages, and its bad faith claim fails as a matter of law. *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1153 (1990) (holding that "a bad faith claim cannot be maintained unless policy benefits are due").

**AFFIRMED.**